693 S.E.2d 479

**Vernon THOMPSON, Plaintiff Below, Appellee**

v.

**Robert HATFIELD, Defendant Below, Appellant.**

**No. 35128.**

Supreme Court of Appeals of West Virginia.

Submitted March 2, 2010.

Decided April 16, 2010.

Jason A. Poling, Esq., Waters Law Group, PLLC, Huntington, WV, for Appellant.

James E. Spurlock, Esq., Spurlock Law Office, Huntington, WV, for Appellee.

PER CURIAM:

The appellant and defendant below, Robert Hatfield, appeals a final order of the Circuit Court of Cabell County entered on December 29, 2008, in this partition suit filed by the appellee and plaintiff below, Vernon Thompson. The circuit court ruled that Mr. Thompson has a two-sevenths interest in the subject property and that the remaining five-sevenths interest is owned by Mr. Hatfield. The circuit court also ordered that Mr. Thompson be afforded a right-of-way by necessity to access his two-sevenths interest in the real estate. Finally, the circuit court ordered that the property be surveyed and that the parties split the costs of the survey and establishment of the right-of-way in proportion to their respective interests.

In this appeal, Mr. Hatfield maintains that he owns the entire parcel of land in fee simple. He contends that the circuit court's order fails to set forth sufficient factual findings to permit meaningful appellant review; that he was entitled to have his adverse possession claim considered by a jury; and that genuine issues of material fact exist concerning who has an interest in the property. Assuming, arguendo, that the circuit court did not err in dividing the real estate, Mr. Hatfield contends that the court erred by summarily determining that the real estate should be surveyed and divided with the costs split by the parties in accordance with their respective interests, and further, that the court erred by determining that Mr. Thompson has a right-of-way by necessity and that the costs associated with the establishment of said right-of-way should also be split by the parties in accordance with their respective interests.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed, and this case is remanded for the circuit court to include in its final order the legal and factual basis for its decision.

## I.

### FACTS

The property at issue in this case consists of approximately forty-two acres and is located on the waters of Madison Creek in Cabell County, West Virginia. According to Mr. Hatfield, he and his brother, Johnny C. Hatfield, obtained interests in the subject real estate from their father, Odie Hatfield, by separate deeds dated October 23, 1969. On July 18, 1973, Mr. Hatfield purchased his brother's interest in the property. Mr. Hatfield claims that he began exercising acts of possessing the property on October 23, 1969, including upkeep of the buildings, mowing the fields, and maintaining the roads. Mr. Hatfield began residing on the property in 1972. He constructed a cabin on the property in the early 1980's.

Mr. Hatfield states that on three occasions, third parties have completed title examinations and concluded that he possesses record title to the subject real estate. Two of the examinations were completed when he used the property as collateral to obtain a loan. The third instance involved him leasing the minerals on the property. Mr. Hatfield says that he posted the land in 1988 and has controlled access to the land since 1969, only permitting certain relatives, neighbors, and friends to use the property for various activities.

In contrast, Mr. Thompson claims that he inherited a two-sevenths interest in the property. According to Mr. Thompson, the subject property was initially acquired by Thomas Hatfield by two separate deeds: one deed conveying thirty acres in 1891 and a second deed conveying twelve acres in 1905. Thomas Hatfield and his wife both died intestate leaving the property to their seven children: Herbert, Ben, Shem, Odie,[1] Edith, Ethel, and Lillie. Each child had a one-seventh interest in the property. Thereafter, Odie purchased the interests of Ben, Shem, and Lillie, giving him a total interest of four-sevenths. Herbert purchased Ethel's interest from her only child and sole heir. Herbert then left his entire estate including his two-sevenths interest in the subject property to his wife, Hazel. She left the two-sevenths interest in the property by will to her son, Mr. Thompson.

Mr. Thompson claims that the remaining one-seventh interest owned by Edith Hatfield Vance was passed on to her six children. Mr. Thompson does not claim any part of this one-seventh interest. Notice of this partition suit was given to the Vance children and some of them have apparently ceded their interest to Robert Hatfield.[2]

Mr. Thompson filed his complaint on October 25, 2004, seeking to have the land partitioned. A lengthy discovery period followed. On January 5, 2006, Mr. Thompson filed a

---

1. As previously noted, Odie was Mr. Hatfield's father.

2. In the final order, the circuit court attributed the one-seventh interest allegedly owned by the Vance children to Mr. Hatfield.

motion for summary judgment; however, discovery continued. Finally, following a status conference on October 11, 2007, the circuit court entered an order directing the parties to submit memoranda setting forth their respective positions. Thereafter, the final order was entered. This appeal followed.

## II.

### STANDARD OF REVIEW

[1] In ascertaining our standard of review, the content of the final order must be considered. Although the order states that "this Court hereby denies Plaintiff's Motion for Summary Judgment and Denies Defendant's Motion for Summary Judgment," the order, nonetheless, grants relief to Mr. Thompson and dismisses the case from the circuit court's active docket. A review of the record shows that no evidentiary hearing was held below, and the only motion pending before the court was Mr. Thompson's motion for summary judgment.[3] This Court has explained that " 'we are not bound by the label employed below, and we will treat the [matter] as one made pursuant to' the most appropriate rule." *Kopelman and Associates, L.C. v. Collins*, 196 W.Va. 489, 494 n. 6, 473 S.E.2d 910, 915 n. 6 (1996) (*quoting Murphy v. Smallridge*, 196 W.Va. 35, 36 n. 4, 468 S.E.2d 167, 168 n. 4 (1996)). According-

**3.** Mr. Hatfield never filed a written motion for summary judgment but his counsel has indicated that he may have orally moved for summary judgment during a hearing. While the final order references a summary judgment hearing held on September 19, 2006, there is no transcript in the record.

**4.** The entire text of the order is as follows:

On the 19th day of September 2006, came the Plaintiff, Vernon Thompson, by and through counsel, James E. Spurlock and the Defendant, Robert Hatfield, by and through counsel, Jason A. Poling for a hearing on Plaintiff's *Motion for Summary Judgment* and *Defendant's Motion for Summary Judgment.* Upon review of the pleadings filed herein and hearing the arguments of counsel, this Court hereby Denies Plaintiff's *Motion for Summary Judgment* and Denies Defendant's *Motion for Summary Judgment.* This Court finds that the subject property shall be divided as follows: a 2/7 interest to Vernon Thompson; and a 5/7

ly, the final order in this case will be treated as a grant of summary judgment.

Having determined that the final order grants summary judgment, we note that our standard of review is *de novo.* Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III.

### DISCUSSION

As set forth above, Mr. Hatfield has asserted several assignments of error; however, the only issue that is necessary for this Court to address is his contention that the circuit court's order contains insufficient findings of fact and conclusions of law to permit meaningful appellate review. The December 29, 2008, final order entered by the circuit court consists of one and one-half pages and sets forth the manner in which the property is to be divided and the costs of the survey and right-of-way split by the parties. The order merely states that the decision is based "upon review of the pleadings filed herein and hearing the arguments of counsel." There are no findings of fact and no conclusions of law. The order is simply devoid of any legal authority for the circuit court's decision.[4]

In Syllabus Point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997), this Court held:

interest to Robert Hatfield. This Court further finds that Mr. Thompson shall be granted a right of way by necessity to access his two-sevenths interest in the subject property. Finally the Court finds that the parties shall split the costs of surveys and road improvement in proportion to each parties' respective interest in the subject property (Mr. Thompson shall be responsible for 2/7 of the costs and Mr. Hatfield shall be responsible for 5/7 of the costs). The Court Orders and directs that each party is responsible for their own attorneys fees and costs in this matter. As all matters are now resolved in this Action, this Court hereby Orders that this matter is dismissed from its active docket.

WHEREFORE, this Court hereby ORDERS that Plaintiff's *Motion for Summary Judgment* and Defendant's *Motion for Summary Judgment* are DENIED and this matter is DISMISSED from the Court's active docket.

The parties' objections and exceptions to this ruling are noted and preserved.
(Emphasis in original).

Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

In *Lilly,* it was explained that "[t]his Court's function, as a reviewing court is to determine whether the stated reasons for the granting of summary judgment by the lower court are supported by the record." 199 W.Va. at 353, 484 S.E.2d at 236. Obviously, "[t]his Court cannot perform its function unless the circuit court's order contains both the factual and legal basis for its ultimate conclusion." *Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W.Va. 453, 456, 525 S.E.2d 334, 337 (1999). *See also Ayersman v. West Virginia Div. of Environmental Protection,* 208 W.Va. 544, 546, 542 S.E.2d 58, 60 (2000) ("[A] summary judgment order must set forth findings substantial enough to allow this Court to make an informed judgment on the propriety of the lower court's actions.").

The circuit court's final order in this case clearly does not comply with this Court's holding in *Lilly.* The order is completely silent with regard to the basis for the circuit court's decision. Accordingly, we find that the circuit court committed reversible error by granting summary judgment without including findings of fact and conclusions of law sufficient for meaningful review by this Court.

## IV.

## CONCLUSION

For the reasons set forth above, the final order of the Circuit Court of Cabell County entered on December 29, 2008, is reversed, and this case is remanded for the circuit court to include in its final order the factual and legal basis for its decision.

Reversed and remanded.